IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,            OPINION AND ORDER

                   Plaintiff,                           08-cv-30-bbc

    v.

CAROL COOK,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, plaintiff Shaheed Madyun is proceeding on claims that defendant Carol Cook, a correctional officer, put handcuffs on him so tightly that it caused his wrists to bleed and then refused to seek medical treatment for him in retaliation for plaintiff's exercise of his right to access the courts. (On May 23, I dismissed plaintiff's other claim against defendant that she put "medicine or poison" in his food because he had failed to exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).) Now before the court is defendant's motion for summary judgment on the remaining claims.

Defendant argues that she is entitled to summary judgment because plaintiff never complained to her that the handcuffs were too tight, he never asked her for medical care and he has adduced no evidence that defendant was motivated by a desire to retaliate against

1

him for filing grievances. A review of the record shows that plaintiff's claims are not amenable to resolution on a motion for summary judgment.

In his affidavit, dkt. #46, plaintiff avers that in March 2002 he was pursuing multiple grievances against prison officials. On March 5, 2002, plaintiff says that defendant put handcuffs on him so tightly that he "bled all over his books." When he complained, she responded, "You were warned to keep quiet, shut up! Only you can bring this to an end by cooperating." She then secured the handcuffs even more tightly while telling plaintiff, "Do you understand what I'm saying? Officers at [this prison] hate inmates like you, and we will stick together against you." Plaintiff asked defendant to be taken to medical staff "no less than five times," but each time she said no. If true, these facts are enough to support claims under the Eighth Amendment for excessive force and denial of medical care and a claim for retaliation in violation of plaintiff's right to have access to the courts. Whitley v. Albers, 475 U.S. 312, 321 (1986) (in determining whether force is excessive under Eighth Amendment, court considers need for application of force; relationship between need and amount of force that was used; extent of injury inflicted; extent of threat to safety of staff and inmates and any efforts made to temper severity of a forceful response); Estelle v. Gamble, 429 U.S. 97 (1976) (prison officials are liable under Eighth Amendment when they are deliberately indifferent to need for medical care); Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996) (summary judgment inappropriate on retaliation claim when prisoner alleged that defendant

2

told him to "stop filing all that shit" after prisoner sought transfer out of segregation).

Of course, defendant denies plaintiff's allegations, but that simply means that the case "comes down to a good old-fashioned swearing contest that can be resolved only by assessing the credibility of the two [parties]. Credibility determinations . . . lie exclusively within the fact-finder's domain and are not appropriate for a district court to make at the summary judgment stage." Townsend v. Fuchs, 522 F.3d 765, 774-775 (7th Cir. 2008). Even when, as in this case, the plaintiff's version of events sounds implausible, courts must resist the temptation to weigh the evidence. Washington v. Haupert, 481 F.3d 543, 549 (7th Cir. 2007). Accordingly, defendant's motion for summary judgment must be denied.

ORDER

IT IS ORDERED that

1. Plaintiff Shaheed Madyun's motion for an extension of time to file his opposition materials, dkt. #43, is GRANTED as unopposed.

2. Defendant Carol Cook's motion for summary judgment, dkt. #31, is DENIED.

Entered this 25th day of June, 2008.

                    BY THE COURT:

                    _____
                    BARBARA B. CRABB
                    District Judge