IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                                ORDER

                          Plaintiff,                                                08-cv-30-bbc

      v.

CAROL COOK,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated May 23, 2008, I granted defendant Carol Cook's motion for dismissal of plaintiff's claim that she had attempted to poison plaintiff, on the ground that plaintiff had failed to exhaust his administrative remedies with respect to that claim. Subsequently, on June 25, 2008, I denied defendant Cook's motion for summary judgment on plaintiff's remaining claims that she had used excessive force against him, denied him medical care and retaliated against him for his exercise of his right of access to the courts. These latter claims will be tried to a jury on September 8, 2008.

      Now before the court is plaintiff's submission dated June 24, 2008, titled "Motion seeking Clarification on Dismissal of Claims and Dismissal of Actual Cases, Motion seeking Order Declaring all Dismissal of Defendants and Cases a Final Order, Motion to Consolidate

1

Cases for purpose of Appeal and Declaring the <u>George</u> Ruling which Divided the Single Case to Many a Final Order" (Dkt. #54). In this triple motion, plaintiff asks for clarification whether the May 23, 2008 order dismissing one of his claims for failure to exhaust is a final order from which he may file a notice of appeal. In addition, he asks that this case be consolidated with "all other dismissed cases" so that he can file a single appeal, pay a single filing fee, and challenge this court's decision to apply Fed. R. Civ. P. 20 to his original action and sever it into nine separate actions, including this one.

The May 23, 2008 order is not a final order from which plaintiff may take an appeal. As noted above, the case remains unresolved with respect to three additional claims plaintiff lodged against the defendant. Only in rare instances may a party appeal a non-final decision. 28 U.S.C. § 1292 states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

I purposely did not include in the May 23 order a finding that an interlocutory appeal would be proper. That order does not involve a controlling question of law as to which there is substantial ground for difference of opinion, and a prompt appeal from the order will not materially advance the ultimate termination of this litigation. Indeed, it will serve only to

2

delay it.  Once plaintiff's remaining claims are resolved at trial, a final judgment will be entered from which plaintiff may take an appeal.

Plaintiff's request for consolidation of the severed cases to permit him to file a single appeal and incur a single filing fee needs no discussion.  It will be denied.

Finally, it would not be appropriate for plaintiff to challenge the severance order in the context of this case.  That order was entered in <u>Madyun v. Keller</u>, 07-cv-318-bbc.  That is the case in which plaintiff may challenge the severance order on appeal.

ORDER

IT IS ORDERED that plaintiff's "Motion seeking Clarification on Dismissal of Claims and Dismissal of Actual Cases, Motion seeking Order Declaring all Dismissal of Defendants and Cases a Final Order, Motion to Consolidate Cases for purpose of Appeal and Declaring the <u>George</u> Ruling which Divided the Single Case to Many a Final Order" (Dkt. #54) is DENIED.

Entered this 10th day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge

3